UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Case No. 11-cr-00267 (EGS) |
| | : | |
| YOUNG N. CHO, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION TO DEDUCT THE EYAK CIVIL SETTLEMENT AMOUNT FROM KERRY KHAN'S RESTITUTION BALANCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court issue the attached Order deducting funds recovered from a civil settlement between the United States and EyakTek, Eyak Services, LLC ("ESL"), and the Eyak Corporation ("TEC") (collectively "Eyak") from Kerry Khan's restitution balance.

## BACKGROUND

Defendants Kerry Khan, Lee Khan, Michael Alexander, Harold Babb, Robert McKinney, James Miller, Nazim Khan, Alex Cho, Min Cho, and Nova Datacom have all been convicted of or are pending sentencing for their roles in a bribery and kickback scheme. The United States Army Corps of Engineers ("USACE") lost $32,553,252.93 as a result of the scheme. The chart below details the restitution orders for the defendants who have been sentenced by the Court.[1]

| Defendant | Case Number | Restitution Amount | Docket Entry |
| --- | --- | --- | --- |
| Kerry Khan[2] | 11-cr-276-1 | $32,553,252.93 | ECF No. 187 |

---

[1] Alex Cho, Min Cho, and Nova Datacom have not yet been sentenced. The Government has requested that the Court enter restitution orders against these defendants at their sentencing. The Government is simultaneously filing the instant motion in their cases so that they can inform the Court of their position on how the Eyak settlement should be credited.

[2] Lee Khan, Michael Alexander, Harold Babb, Robert McKinney, James Miller, and Nazim Khan are jointly and severally liable for Kerry Khan's restitution obligation up to the amount of their individual restitution orders. The Government is simultaneously filing the instant motion in their cases so that they can inform the Court of their position on how the Eyak settlement should be credited.

| Defendant | Case Number | Restitution Amount | Docket Entry |
|---|---|---|---|
| Lee Khan | 11-cr-276-2 | $401,000 | ECF No. 187 |
| Michael Alexander | 11-cr-276-3 | $1,250,000 | ECF No. 187 |
| Harold Babb | 11-cr-276-4 | $9,405,230.70 | ECF No. 187 |
| Robert McKinney | 12-cr-18 | $984,664.20 | ECF No. 35 |
| James Miller | 12-cr-63 | $9,405,230.70 | ECF No. 35 |
| Nazim Khan | 12-cr-98 | $611,904 | ECF No. 41 |

On December 15, 2014, the United States entered into a Settlement Agreement with Eyak. As part of the Settlement Agreement, Eyak "relinquishe[d] all right to payment from the United States, including rights to any monies currently being held by USACE or by the Defense Finance and Accounting Service ("DFAS"), relating to the following contracts: W912HZ-09-D0003; W912HZ-09-C-0114; W912HZ-09-C-0115; W912HZ-09-C-0116; W9126G-10-D-0022; W912HZ-10-C-0116; W912HZ-11-C-0060; W912HZ-11-C-0066; and W912HZ-11-C-0069." This resulted in USACE retaining $11,291,659.80 that it had withheld from Eyak. Eyak also agreed to pay $2.5 million to the United States. Of that amount, $2,086,250.20 went directly to USACE.

**ARGUMENT**

Title 18, United States Code, Section 3664(j)(2)(A) provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in any Federal civil proceeding." 18 U.S.C. § 3664(j)(2)(A). The United States recovered $13,791,659.80 from the Eyak settlement. The total amount of restitution owed to USACE should therefore be reduced by $13,791,659.80

2

pursuant to section 3664(j)(2)(A).  The Government requests that the Court direct the Clerk of the Court to deduct this same amount from Kerry Khan's outstanding restitution balance.

In <u>United States v. Stanley</u>, 309 F.3d 611 (9th Cir. 2002), four defendants pleaded guilty to a kickback conspiracy.  <u>Id.</u> at 612.  The court initially ordered defendants Gamma Tech Industries, Inc. ("Gamma Tech"), Tidelands Testing, Inc. ("Tidelands"), Gallegos, and Stanley to pay $913,820.50 in restitution to the victim.  <u>Id.</u>  Each defendant was jointly and severally liable for the amount.  <u>Id.</u>  Defendant Stanley's restitution order was later reduced to $500,000 because of a procedural error in his sentencing.  <u>Id.</u> at 612-13.

Defendants Gamma Tech, Tidelands, and Gallegos paid $318,000 to the victim in a settlement of a related civil matter.  <u>Id.</u> at 613.  The district court refused to deduct that amount from Stanley's restitution obligation.  <u>Id.</u>  The Ninth Circuit affirmed the district court decision.  <u>Id.</u> at 613-14.  The Ninth Circuit noted that "[t]he purpose of § 3664(j)(2) is to prevent double recovery by a victim."  <u>Id.</u> at 613.  The district court ensured there was no double recovery by deducting the settlement amount from the victim's loss.  <u>Id.</u>  This resulted in a corresponding deduction to the restitution obligation of the three defendants who were liable for the entirety of the loss.  The only way Stanley could have indirectly benefited from the civil settlement was if the settlement amount had reduced the victim's loss to less than $500,000.  <u>Id.</u>  For example, if the settlement amount reduced the victim's loss to $400,000 then Stanley's restitution obligation would likewise have had to be reduced to $400,000 to ensure that there was no double recovery.

In the current matter, Kerry Khan is the only defendant who is individually liable for the entire USACE loss.  He must receive a credit on his restitution obligation for the Eyak settlement

amount to prevent double recovery by USACE. The Eyak settlement amount will not reduce USACE's loss to an amount that is lower than the current restitution balance for any of the other defendants. Therefore, the Eyak settlement amount should not be credited to any of the other defendants.[3]

"Restitution is ultimately for the benefit of the *victim*." United States v. Placensio, 2011 U.S. Dist. LEXIS 155014, at *15 (S.D. Fla. June 28, 2011) (emphasis in original); see also United States v. Hensley, 91 F.3d 274, 276 (1st Cir. 1996) ("restitutionary sentences by the district courts [are] for the benefit of victims of federal offenses."); United States v. Kaczynski, 416 F.3d 971, 977 (9th Cir. 2005) (ordering the government to present a plan, "the principal purpose of which shall be to maximize monetary return to the victims" through restitution). If the Eyak settlement amount is deducted from each of the defendant's restitution balance, it will wipe out the remaining restitution obligation of all the defendants except for Kerry Khan. By applying the settlement amount solely to Kerry Khan's restitution obligation, the Government can continue its efforts to collect restitution from the other defendants, none of whom were a party to the Eyak settlement.

"Trial courts have broad discretion in ordering restitution." United States v. Laney, 189 F.3d 954, 966 (9th Cir. 1999). The Government's proposed request is consistent with section

---

[3] The Eyak settlement, unlike the civil settlement in Stanley, did not involve any of the defendants in the criminal case. If a defendant is a party to a civil settlement, the Government believes that the defendant should have his restitution obligation reduced by the settlement amount even if the defendant is not liable for the entire amount of the victim's loss. This approach will encourage defendants to reach civil settlements with the Government.

3664(j)(2)(A) and permits the Government to continue to recover funds owed to USACE through enforcement of the Court's restitution orders against all of the defendants.

## **CONCLUSION**

Wherefore, the United States respectfully requests that the Court enter the attached Order.

                                      Respectfully submitted,

                                      RONALD C. MACHEN JR.
                                      United States Attorney
                                        For the District of Columbia
                                        D.C. Bar No. 447889

By:                   /s/
                                        MICHAEL K. ATKINSON
                                        D.C. Bar No. 430517
                                        ANTHONY SALER
                                        D.C. Bar No. 448254
                                        Assistant United States Attorneys
                                        555 4th Street, N.W.
                                        Washington, D.C.  20530
                                        202.252.7817 (Atkinson)
                                        202.252.6971 (Saler)
                                        Michael.Atkinson2@usdoj.gov
                                        Anthony.Saler@usdoj.gov